## GILMORE v. STATE.

Opinion delivered November 8, 1909.

HOMICIDE—BLOW AS CAUSE OF DEATH.—Where there was evidence that defendant struck deceased blows which caused him to fall from a wagon in which he was riding, so that a wheel of the wagon passed over his body and killed him, the jury were justified in finding that the blows were the cause of the death.

Appeal from Sevier Circuit Court; *James S. Steel,* Judge; affirmed.

### STATEMENT BY THE COURT.

The appellant was indicted for voluntary manslaughter, was convicted of involuntary manslaughter, and sentenced to seven months' imprisonment in the penitentiary. He appeals to this court.

In October, 1907, appellant and several others, including Nick White, were in a wagon going from DeQueen to Ultima Thule. Appellant and White had a fight. Appellant left the wagon, seized a "binding pole" about six feet long, and struck at White three times. White was on the wagon, and the wagon was in motion. Appellant struck White two blows. White got on his hands and knees, and attempted to turn around as if to put his hands on the side of the wagon, but he missed the "wagon bed" and fell. The left hind wheel of the wagon ran over his shoulder and down his body. White went down the road a short distance and lay down. It was shown that the stick with which appellant struck White was crooked, and the witness for the State did not know whether the blows knocked White off the wagon or not.

The doctor who was called to see White soon after he was hurt testified that his bowels were badly injured, and it was his opinion that White's death resulted from the injury to his bowels. White complained only of the injury to his bowels where the wheel ran over him, and the body indicated that the bowels had been badly mashed and injured. It was shown that in a dying declaration White said "that the boys had butchered him up so that he could not live, that George (appellant) knocked him out of the wagon, and Jim Polk (the driver) ran the wagon over him." He received his injuries in Sevier County, and died there about six days after.

One of the witnesses for the defense who was on the wagon and saw the fight testified substantially as follows:

"I was sitting by Tom Polk, who was driving. The first I knew of the matter was Tom said they were going to have a dance, and George said he was going. Nick began to curse George. Tom told him to shut up, and told George that he was

just drinking and cutting up. George jumped off the wagon and got the stick. He struck at Nick, but hit the side of the wagon and the coal oil tank. He didn't strike Nick at all. Nick tried to get his knife out, and attempted to put his hand on the side of the wagon, but missed it and grasped the wheel. It threw him under the wagon, and he was run over. Mr. Dale was sitting on the back end of the wagon. He and George had two pints of whisky. Yes, sir; I saw him drink some of it. Nick had his knife in his hand when he was trying to get off the wagon and fell under."

The court, among others, gave the following prayers of the State:

"1. Manslaughter is the unlawful killing of a human being without malice, expressed or implied, and without deliberation. Manslaughter may be voluntary or involuntary.

"12. If the jury believe from the evidence beyond a reasonable doubt that the defendant struck the deceased with a binding pole, and knocked him off the wagon, or the deceased fell from the wagon as a result of the blow, and the wagon wheel ran over the deceased, and the deceased died in consequence of such striking and being run over by the wagon wheel, then the defendant would be guilty, provided you believe such striking was done without legal excuse or justification."

Appellant objected to the giving of these requests and excepted to the ruling of the court.

The following instruction was asked on behalf of the defendant, and given, after being modified by the court, by inserting the words "without fault or carelessness on his part:"

"You are told that the defendant had the right to defend himself against an assault made upon him by the deceased; and to use such force as reasonably appeared to him at the time to be necessary to repel such assault; and if he struck the deceased without fault or carelessness on his part, honestly believing at the time that deceased was about to cut him with a knife, and that it was necessary for him to strike deceased to prevent deceased from cutting him, you may acquit the defendant, although you may believe deceased was knocked from the wagon and run over as a result of such blow."

Appellant objected to the modification of his prayer by the court and duly excepted to the ruling.

The grounds of the motion for new trial are that the verdict is contrary to the evidence, and that the court erred in giving instructions numbered respectively 1 and 12, requested by the State, and erred in modifying appellant's prayer number 4 and giving same as modified.

*Hal L. Norwood,* Attorney General, and *C. A. Cunningham,* Assistant, for appellee.

Where there is evidence to support the verdict, it will not be disturbed. 67 Ark. 399; 70 Ark. 571. Appellant cannot complain of an error in his own favor. 77 Ark. 458. There can be no distinction between giving the law to the jury on an affirmative state of facts, and giving it to them on a negative statement of the same facts.

WOOD, J., (after stating the facts). There was evidence to warrant the jury in finding that the blows given White by appellant caused him to fall from the wagon and under the wheel that passed over his body, and that these blows contributed directly to produce the death of White.

We find no error in the instructions. Number 1 was a copy of section 1779, Kirby's Digest, and proper to be given in such cases. Number 12 announced a correct principle, applicable to the facts here, and likewise number 4 as modified. These with other instructions presented the law of the case to the jury. There was no error in the trial. Let the judgment be affirmed.